B25A (Official Form 25A) (12/11)

KEVIN A. DARBY, ESQ. (#7670)
TRICIA M. DARBY, ESQ. (#7956)
DARBY LAW PRACTICE, LTD.
4777 Caughlin Parkway
Reno, Nevada 89519
Telephone: (775) 322-1237
Facsimile: (775) 996-7290
E-mail: kevin@darbylawpractice.com

Counsel for Debtors and
Debtors in Possession

## United States Bankruptcy Court

## District of Nevada

| | | |
|---|---|---|
| In re | **DAVID M. CLEMENTS AND** **SHEELA B. CLEMENTS,** | Case No.   **BK-N-13-52196-btb** |
| | Debtor. | Chapter   **11** |
| | | Small Business Case under Chapter 11 |

# DAVID M. CLEMENTS AND SHEELA B. CLEMENTS'

# NEW PLAN OF REORGANIZATION

# ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **DAVID M. CLEMENTS AND SHEELA B. CLEMENTS ,** (the "Debtor") from rental income and employment income.

This Plan provides for **six** classes of secured claims; **two** classes of priority unsecured claims; **one** class of general unsecured claims and **one** class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **TEN** cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

# ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    <u>Class 1</u>.  Attorneys fees and costs of Darby Law Practice, Ltd., to the extent entitled to priority under §507 of the Code.

2.02    <u>Class 2</u>. The claim of    **WELLS FARGO HOME MORTGAGE**    , to the extent allowed as a secured claim under § 506 of the Code.

2.03    <u>Class 3</u>. The claim of    **WELLS FARGO BANK OF NEVADA**    , to the extent allowed as a secured claim under § 506 of the Code.

2.04    <u>Class 4</u>. The claim of  **AMERICA'S SERVICING COMPANY**    , to the extent allowed as a secured claim under § 506 of the Code.

2.05    <u>Class 5</u>. The claim of  **AMERICA'S SERVICING COMPANY**    , to the extent allowed as a secured claim under § 506 of the Code.

2.06    <u>Class 6</u>. The claim of  **UNION BANK**    , to the extent allowed as a secured claim under § 506 of the Code.

2.07    <u>Class 7</u>. The claim of  **NATION STAR MORTGAGE**    , to the extent allowed as a secured claim under § 506 of the Code.

2.08    <u>Class 8</u>.  The claim of  **WASHOE COUNTY TREASURER**    , to the extent allowed as a priority claim under the Code.

2.09    <u>Class 9</u>.  The claim of  **CITY OF RENO**    , to the extent allowed as a priority claim under the Code.

2.10    <u>Class 10</u>. All unsecured claims allowed under § 502 of the Code.

2.11    <u>Class 11.</u> The interests of the individual Debtors in property of the estate.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    <u>Unclassified Claims</u>.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    <u>Administrative Expense Claims</u>.  See Section 4.01, below

3.03    <u>Priority Tax Claims</u>.  See section 4.02, below.

3.04    <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

Claims and interests shall be treated as follows under this Plan:

4.01    <u>Administrative Expenses</u>.  Administrative expenses are costs or expenses of administering the Debtor' chapter 11 case which are allowed under § 507(a)(2) of the Code.  Administrative expenses also include the value of any goods sold to the Debtors in the ordinary course of business and received within 20 days before the date of the bankruptcy petition.  The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.  The following chart lists the Debtor' estimated administrative expenses, and their treatment under the Plan:

| Class | Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|---|
| *n/a* | Expenses Arising in the Ordinary Course of Business After the Petition Date | **$0** | Paid in full on the effective date of the Plan, or according to terms of obligation if later |
| *n/a* | The Value of Goods Received in the Ordinary Course of Business Within 20 Days Before the Petition Date | **$0** | Paid in full on the effective date of the Plan, or according to terms of obligation if later |
| 1 | Professional Fees, as approved by the Court. | **$19,800** | Classified in Class 1 under the Plan.  Class 1 Priority Claim will be paid in full from the Debtors' Disposable Monthly Income.  Commencing on the Effective Date of the Plan, and continuing on the fifth (5th) day of every third month thereafter until all Allowed Class 1 Priority Claims are paid in full, allowed Class 1 Priority Claims shall receive quarterly disbursements of Debtors' Disposable Monthly Income in the amount of $1,800 per quarter.  Based on this, it will take a total of eleven (11) quarterly payments to pay all Allowed Class 1 Priority Claims in full. |
| *n/a* | Clerk's Office Fees | **$0** | Paid in full on the effective date of the Plan |
| *n/a* | Other administrative expenses | **$0** | Paid in full on the effective date of the Plan or according to separate written agreement |
| *n/a* | Office of the U.S. Trustee Fees | **$0** | Paid in full on the effective date of the Plan |
| | **TOTAL** | **$19,8900** | |

4.02    <u>Priority Tax Claims.</u>  Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code.  Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.  The following chart lists the Debtor' estimated § 507(a)(8) priority tax claims and their treatment under the Plan:

| Class | Description | Estimated Amount Owed | Date of Assessment | Treatment |
|-------|-------------|------------------------|---------------------|-----------|
| *n/a* | **NONE** | **$0** | | |

4.03    <u>Secured Claims.</u>  Allowed Secured Claims are claims secured by property of the Debtor' bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code.  If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.  The following chart lists all classes containing Debtor' secured prepetition claims and their treatment under the Plan:

| Class # | Description | Insider ? | Impairment | Treatment |
|---------|-------------|-----------|------------|-----------|
| 2 | *Secured claim of:*  **WELLS FARGO HOME MORTGAGE**<br><br>*Collateral Description:*  240 Regier Springs Drive, Spanish Springs, NV<br><br>*Allowed Secured Amount:*  **$180,000**<br><br>*Priority of lien:*   First<br><br>*Allowed Unsecured Amount:*  **$14,077** (Reclassified to General Unsecured Class 10 and treated in accordance with this Plan.) | No | Unimpaired | *Monthly Payment:*   **$966.28**<br><br>*Payment Term:*    **360-Months**<br><br>*Payments Begin:*    **Effective Date of Plan**<br><br>*Interest rate %:*    **5.0%**<br><br>*Treatment of Lien:*    **Bifurcated. Claim shall retain first priority lien up to the amount of its allowed secured claim amount under the Plan.** |
| 3 | *Secured claim of:*  **WELLS FARGO BANK OF NEVADA**<br><br>*Collateral Description:*  240 Regier Springs Drive, Spanish Springs, Nevada 89441<br><br>*Allowed Secured Amount:* **$0**<br><br>*Allowed Unsecured Amount:*  **$125,885**<br><br>*Priority of lien:*   Second | No | Impaired | The Class 3 claim of PNC Mortgage is entirely unsecured and shall be reclassified to Class 10 under the Plan and treated as a general unsecured creditor.  The Class 3 lien against 240 Regier Springs Drive, Spanish Springs, Nevada 89441 shall be avoided and expunged upon the confirmation of the Plan. |

B25A (Official Form 25A) (12/11) - Cont.                                                                5

| Class # | Description | Insider ? | Impairment | Treatment | |
|---|---|---|---|---|---|
| 4 | *Secured claim of:* **AMERICAS SERVICING COMPANY**<br><br>*Collateral Description:* 2480 Stine Way, Sparks, Nevada 89431<br><br>*Allowed Secured Amount:* **$120,000**<br><br>*Priority of lien*: First<br><br>*Allowed Unsecured Amount:* **$56,989** (Reclassified to General Unsecured Class 10 and treated in accordance with this Plan.) | No | Impaired | *Monthly Payment:*<br><br>*Payment Term:*<br><br>*Payments Begin:*<br><br>*Interest rate %:*<br><br>*Treatment of Lien:* | **$644.19**<br><br>**360-Months**<br><br>**Effective Date of Plan**<br><br>**5.0%**<br><br>**Bifurcated. Claim shall retain first priority lien up to the amount of its allowed secured claim amount under the Plan.** |
| 5 | *Secured claim of:* **AMERICAS SERVICING COMPANY**<br><br>*Collateral Description:* 612 Morrill Ave., Reno, NV<br><br>*Allowed Secured Amount:* **$100,000**<br><br>*Priority of lien:* First<br><br>*Allowed Unsecured Amount:* **$39,962** (Reclassified to General Unsecured Class 10 and treated in accordance with this Plan.) | No | Impaired | *Monthly Payment:*<br><br>*Payment Term:*<br><br>*Payments Begin:*<br><br>*Interest rate %:*<br><br>*Treatment of Lien:* | **$536.82**<br><br>**360-Months**<br><br>**Effective Date of Plan**<br><br>**5.0%**<br><br>**Bifurcated. Claim shall retain first priority lien up to the amount of its allowed secured claim amount under the Plan.** |
| 6 | *Secured claim of:* **UNION BANK**<br><br>*Collateral Description:* 636-638 Morrill Ave., Reno, NV<br><br>*Allowed Secured Amount:* **$250,000**<br><br>*Priority of lien:* First<br><br>*Allowed Unsecured Amount:* **$25,000** (Reclassified to General Unsecured Class 10 and treated in accordance with this Plan.) | No | Impaired | *Monthly Payment:*<br><br>*Payment Term:*<br><br>*Payments Begin:*<br><br>*Interest rate %:*<br><br>*Treatment of Lien:* | **$1,342.05**<br><br>**360-Months**<br><br>**Effective Date of Plan**<br><br>**5.0%**<br><br>**Bifurcated. Claim shall retain first priority lien up to the amount of its allowed secured claim amount under the Plan.** |

B25A (Official Form 25A) (12/11) - Cont.                                                                6

| Class # | Description | Insider? | Impairment | Treatment | |
|---------|-------------|----------|------------|-----------|--|
| 7 | *Secured claim of:* **NATIONSTAR MORTGAGE** <br><br> *Collateral Description:* 31 E. L Street, Sparks, NV <br><br> *Allowed Secured Amount:* **$138,000** <br><br> *Priority of lien:* First <br><br> *Allowed Unsecured Amount:* **$70,000** (Reclassified to General Unsecured Class 10 and treated in accordance with this Plan.) | No | Unimpaired | *Monthly Payment:* <br><br> *Payment Term:* <br><br> *Payments Begin:* <br><br> *Interest rate %:* <br><br> *Treatment of Lien:* | **$740.81** <br><br> **360-Months** <br><br> **Effective Date of Plan** <br><br> **5.0%** <br><br> **Bifurcated. Claim shall retain first priority lien up to the amount of its allowed secured claim amount under the Plan.** |

4.04    Classes of Priority Unsecured Claims.  Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes.  The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim.  However, a class of holders of such claims may vote to accept different treatment.  The following claims qualify for priority unsecured status in this case:

| Class # | Description | Impairment | Treatment | |
|---------|-------------|------------|-----------|--|
| 8 | **WASHOE COUNTY TREASURER** <br><br> *Total Priority Unsecured Claims:* **$3,870** <br><br> *Basis of Claim:* **Real Property Taxes** | Impaired | *Monthly Payment:* <br><br> *Interest Rate:* <br><br> *Payments Begin:* <br><br> *Number of Payments:* | **$88.25** <br><br> 4% per annum <br><br> **Effective Date of Plan** <br><br> **48** |
| 9 | **CITY OF RENO** (POC Nos. 3-1 & 4-1) <br><br> *Total Priority Unsecured Claims:* **$2,319** <br><br> *Basis of Claim:* **Sewer Fees** | Impaired | *Monthly Payment:* <br><br> *Interest Rate:* <br><br> *Payments Begin:* <br><br> *Number of Payments:* | **$54.25** <br><br> 4% per annum <br><br> **Effective Date of Plan** <br><br> **48** |

4.05    Class of General Unsecured Claims.  General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. The following chart identifies the Plan's treatment of Class 8, which contain general unsecured claims against the Debtor:

| Class # | Description | Impairment | Treatment | |
|---------|-------------|------------|-----------|---|
| **10** | General Unsecured Class<br><br>Total General Unsecured Claims: **$469,226** | Impaired | *Quarterly payment*<br><br>*Payments Begin*<br><br><br>*Estimated percent of claim paid*<br><br>*Total Paid to Class 10* | **$1,800**<br><br>Upon completion of payments to Class 1<br><br>**10%**<br><br>**$46,800** |

4.06.    Class of Equity Interest Holders.  Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor.  In a corporation, entities holding preferred or common stock are equity interest holders.  In a partnership, equity interest holders include both general and limited partners.  In a limited liability company ("LLC"), the equity interest holders are the members.  Finally, with respect to an individual who is a Debtor, the Debtors is the equity interest holder.  The following chart sets forth the Plan's treatment of the class of equity interest holders:

| Class # | Description | Impairment | Treatment |
|---------|-------------|------------|-----------|
| 11 | The Individual Debtor, **DAVID M. CLEMENTS AND SHEELA B. CLEMENTS** | n/a | All estate property not sold or liquidated pursuant to this Plan shall revest in the Debtors on the Effective Date of this Plan. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims.  The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtors assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII.

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|--------------------------------------------|----------------------------------|
| Residential Rental Tenants | Rental Property Leases |

(b)      The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the "effective date of this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01.   Source of Payments.

The payments to Class 1 and Class 10 creditors required under the Plan will be funded by quarterly distributions of the Debtors' Disposable Monthly Income, as detailed in Exhibit D.  These quarterly distributions shall be in an estimated amount of $1,800, but may be more or less depending upon the profitability of Debtors' affairs.  Debtors shall make quarterly distributions to Class 1 and Class 10 claims, in accordance with the terms of this Plan, during the entire Plan Term, and beyond to the extent required by this Plan.  Commencing on the Effective Date of the Plan, Debtors shall make quarterly distributions of Debtors' Disposable Monthly Income to Allowed Class 1 Priority Claims, and continuing on the fifth day of every third month thereafter until all Allowed Class 1 Priority Claims are paid in full without interest.  When the Allowed Class 1 Priority Unsecured Claims are fully satisfied, Debtors shall commence making monthly payments to the Class 10 General Unsecured Creditor, until the completion of the Plan Term, or until each Class 10 General Unsecured Creditor has been paid ten (10%) of its allowed claim.   It is estimated that this will require the Debtors to pay a minimum combined total of $46,800 to general unsecured creditors.  It is estimated that $66,600 will be necessary to fund the required Plan payments to Class 1 and Class 10 creditors.  Based on the estimated quarterly distributions of $1,800, it will take the Debtors thirty seven (37) quarterly payments of their Disposable Monthly Income to satisfy his obligations to Class 1 and Class 10 creditors under this Plan.

Payments to Class 4, 5, 6 and 7 shall be made from the rent generated from the underlying real property collateral.

Any prorated payment to creditors whose claims are not liquidated or disputed shall be paid into a segregated trust account maintained at the Darby Law Practice until such claims are an allowed claim, in which event the proceeds shall be disbursed, or such claims shall be disallowed, in which case such sums shall be included in the next disbursement to creditors.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01   Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02   Effective Date of Plan.  The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation.  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03   Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04   Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05   Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06   Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of  **NEVADA**   govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.01    <u>Discharge</u>.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE X
## OTHER PROVISIONS

10.01    <u>Injunction.</u>  From and after the Effective Date, and except as provided in the Plan and the Confirmation Order, all entities that have held, currently hold or may hold a Claim are permanently enjoined from taking any of the following actions on account of any such Claims: (i) commencing or continuing in any manner any action or other proceeding against the Debtor, or their Property; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order against the Debtors or the Reorganized Debtor, or their respective property; (iii) creating, perfecting or enforcing any lien or encumbrance against the Debtors or the Reorganized Debtor, or their respective property; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability, or obligation due to the Debtors or the Reorganized Debtor, or their respective property; or (v) commencing or continuing any action, in any manner or any place, that does not comply with or is inconsistent with the provisions of the Plan or the Bankruptcy Code.

10.02    <u>Exculpation.</u>  From the Petition Date through the Effective Date, the Debtors and their agents and employees shall not have any liability to the Debtors or any other claimants or creditors, or other parties in interest in the Bankruptcy Case for any act or omission in connection with or arising out of the Bankruptcy Case, including, without limitation, prosecuting confirmation of the Plan, confirmation of the Plan, and the administration of the estate, the Plan or the property to be distributed under the Plan, except for gross negligence or willful misconduct, and in all respects, such persons will be entitled to rely on the advice of counsel with respect to their duties and responsibilities with respect to the Chapter 11 Case and the Plan.

10.03    <u>Miscellaneous Provisions.</u>

(A)    Any creditor who failed to file a proof of claim on or before any Court imposed claims bar date, shall be barred from participating in any distribution under the Plan, and the Debtors shall have no further liability for such claim.

(B)    Following the Effective Date, the Debtors may continue to employ counsel for necessary legal services. Counsel may be paid from the Debtors without further order of the Court.

(C)    The estate shall be deemed to be fully administered upon the commencing of distributions to the Class 1 creditor.

(D)    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

(E)    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

(G)    The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

10.04    <u>Retention Of Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction for the following specific purposes:

(A)    For the purpose specified in § 1142 of the Bankruptcy Code;

(B)    The consideration of claims and such objections as may be filed to the claims of creditors pursuant to § 502 of the Bankruptcy Code, and to file and prosecute any counterclaims against such creditors;

(C)     The fixing of compensation for the parties entitled thereto;

(D)     To hear and determine the amount of all encumbrances or the recovery of any preferences, transfers, assets or damages to which the Debtors' estate may be entitled under applicable provisions of the Bankruptcy Code or other federal, state, or local law;

(E)     To reinstate the automatic stay pending a determination of the amount owed on any secured claim;

(F)     To hear and decide all causes of action now held by the Debtor, or disclosed in the Plan or Disclosure Statement;

(G)     To hear and decide all adversary proceedings or contested matters currently pending in the Bankruptcy Court, or which may be filed prior to or after plan confirmation;

(H)     To resolve any disputes regarding interpretation of the Plan;

(I)     To implement the provisions of the Plan, including all provisions in the Plan which specify the retention of jurisdiction, and to make such further orders as will aid in consummation of the Plan, including the sale of any property after Plan confirmation;

(J)     To adjudicate controversies regarding property of the Debtors' estate and regarding ownership thereof, including adjudication of causes of action which constitute property of the estate;

(K)     To modify this Plan in accordance with § 1127 of the Bankruptcy Code;

(L)     To enter such orders as may be necessary or appropriate to implement or consummate the provisions of this Plan and all contracts, instruments, releases and other agreements or documents created in connection with this Plan, the Disclosure Statement, or the Confirmation Order; and

(M)     Enter a final decree and order closing the case.

10.5    Modification Of Plan

The Debtors may modify the Plan with regard to the treatment of any creditor class, in connection with any agreement or settlement with such creditor class or in order to comply with requirements of the Code as established by the Court, provided such modification does not materially adversely affect any other class of creditors. Such modifications may be reflected in the order confirming the Plan of Reorganization. Any other modification of the Plan shall be in accordance with § 1127 of the Code.

DATED this 6th day of September, 2014.


DARBY LAW PRACTICE, LTD.


By:   /s/ Kevin A. Darby
      KEVIN A. DARBY (NV BAR NO. 7670)

      Attorney for the Debtors